**Affirmed; Opinion Filed July 5, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00071-CR**

**No. 05-12-00072-CR**

**FREDDY GONZALEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-59154-Y & F08-59155-Y**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Following Freddy Gonzalez's open plea of guilty to two charges of aggravated robbery with a deadly weapon, the trial court assessed punishment at fifty years' imprisonment. In his sole issue on appeal, Gonzalez contends the trial court erred in overruling his objections to prosecutorial questions appellant was asked during cross-examination. We affirm.

During the prosecutor's cross-examination of appellant during the punishment phase, appellant's attorney objected to two questions by stating, "I'm going to object to counsel testifying." The trial court overruled both objections. On appeal, appellant now argues the prosecutor asked improper questions that (1) assumed facts not in evidence, and (2) inserted prejudicial hearsay about prior bad acts without showing a good faith basis for asking the inflammatory questions.

To preserve a complaint for appellate review, a party must present the trial court with a timely, specific request, objection or motion, and obtain a ruling. TEX. R. APP. P. 33.1(a). The trial objection must be specific enough to put the trial judge on notice of the objecting party's legal theory. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). An appellate contention must comport with the specific objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). In deciding whether an appellate complaint comports with the trial complaint, we look to the context of the objection and the parties' shared understanding at the time. *See id.*

At trial, appellant's only objection to the prosecutor's questions on cross-examination was based on counsel testifying. Appellant did not mention that the questions improperly interjected inflammatory and prejudicial hearsay about prior bad acts as fact, that they assumed facts not in evidence, or that the prosecutor lacked a good faith basis for these questions. Nothing in appellant's objections gave the trial judge notice that he was objecting to the prosecutor's questions based on the arguments he now raises on appeal. Because appellant's appellate complaints relating to the prosecutor's questions do not comport with the objection he made to these questions in the trial court, we conclude he did not preserve this issue for appeal. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.


Do Not Publish
TEX R. APP. P. 47

120071F.U05

/David Evans/
_____
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

FREDDY GONZALEZ, Appellant

No. 05-12-00071-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F08-59154-Y.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE

–3–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FREDDY GONZALEZ, Appellant

No. 05-12-00072-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F08-59155-Y.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of July, 2013.


/David Evans/
DAVID EVANS
JUSTICE